WALLACE, JUDGE:
Claimant was employed as a laundry worker at West Virginia University Medical Center on September 1, 1972. On April 20, 1979, she was terminated for alleged insubordination and for allegedly striking her supervisor with her fist. Claimant appealed her discharge, and the Hearing Panel upheld her dismissal. Upon review of the decision, President Gene A. Budig concluded that the Panel had failed to give sufficient weight to the recommendation of The Arbitration Review Board, which had recommended that claimant be reinstated with back pay. In a letter to claimant dated May 20, 1980, President Budig directed the personnel office to assist claimant in finding “a position comparable in duties and pay to the one you held before your termination.” She was re-employed at the University on July 1, 1980, and seeks $8,434.00 as back pay allegedly due for the period April 20, 1979 through June 30, 1980.
*43 After careful consideration of the authorities cited, the Court concludes that this claim is governed by the principles established in Lippert v. Sims, 143 W.Va. 542, 103 S.E.2d 533 (1958). In that case, a discharged employee was rehired in a comparable position, but was not awarded back pay. W.Va. Code §12-3-13 provides that “No money shall be drawn from the treasury to pay the salary of any officer or employee before his services have been rendered.” No services were rendered by the claimant during the period in question. This is not a situation where an employee was reinstated after being wrongfully terminated. The claimant was given the opportunity to reemployment and is entitled to compensation only for the time she actually worked. The Court is of the opinion to, and does, deny the claim.
Claim disallowed.